NO. 2017CV04510

| | | |
|---|---|---|
| JOSEPH RICHARDSON,<br>  Plaintiff | § § § | IN THE COUNTY COURT |
| V. | § § | AT LAW NO. 10 |
| FIDELITY & GUARANTY LIFE<br>INSURANCE CO.,<br>  Defendant | § § § § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S RESPONSES TO
## DEFENDANT'S REQUEST FOR DISCLOSURE TO PLAINTIFF

TO: Fidelity & Guaranty Life Insurance Co.,
By and through its attorneys of record,
Andrew G. Jubinsky
Charles M. Gearing
FIGARI + DAVENPORT, L.L.P.
901 Main Street, Suite 3400
Dallas, Texas 75202

NOW COMES Plaintiff, JOSEPH RICHARDSON, and provides his Responses to Defendant's Request for Disclosure to Plaintiff.

Respectfully submitted,

RILEY & RILEY
ATTORNEYS AT LAW

By: _____
Darby Riley
Texas Bar No. 16924400
320 Lexington Avenue
San Antonio, Texas 78215-1913
(210) 225-7236 (telephone)
(210) 227-7907 (facsimile)
darbyriley@rileylawfirm.com

ATTORNEYS FOR PLAINTIFF

EXHIBIT C

## CERTIFICATE OF SERVICE

I hereby certify that on this ___25th___ day of September, 2017, a true and correct copy of the foregoing Plaintiff's Responses to Defendant's Request for Disclosure to Plaintiff was served as indicated below on the following parties as provided for in T.R.C.P. 21:

Andrew G. Jubinsky      **Via e-mail:** andy.jubinsky@figdav.com
Charles M. Gearing      **Via e-mail:** charles.gearing@figdav.com
FIGARI + DAVENPORT, L.L.P.
901 Main Street, Suite 3400
Dallas, Texas  75202

_____
Darby Riley

## PLAINTIFF'S RESPONSES TO
## DEFENDANT'S REQUEST FOR DISCLOSURE TO PLAINTIFF

a.    The correct names of the parties to this lawsuit.

**RESPONSE:**

**Plaintiff**
Joseph Richardson
c/o Darby Riley
RILEY & RILEY, ATTORNEYS AT LAW
320 Lexington Avenue
San Antonio, Texas 78215-1913

**Defendant**
Fidelity & Guaranty Life Insurance Co.
c/o Andrew G. Jubinsky
Charles M. Gearing
FIGARI + DAVENPORT, L.L.P
901 Main Street, Suite 3400
Dallas, Texas 75202

b.    The name, address, and telephone number of any potential parties;

**RESPONSE:**

Janson Dixson Agency
Address unknown
(214) 887-3243

c.    The legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);

**RESPONSE:**

In or about 2009, Plaintiff moved an existing life insurance policy on his own life, issued by Farmers New World Life Insurance Company, with a cash surrender value estimated at $30,000, to Defendant. Plaintiff moved the policy to Defendant based on representations from Defendant's agents, Samantha Santmyer of the Janson Dixson agency in Dallas, that Plaintiff could borrow or withdraw against his cash value without charge, and that he would receive a 2% higher return on his cash value than the Farmers policy. The new policy number issued by Defendant was L0797805. Thereafter, Plaintiff withdrew $10,000 against the cash value. Plaintiff paid monthly premiums by bank draft.

Thereafter, Plaintiff never received a new life policy from Defendant. Plaintiff ceased paying premiums and allowed the life insurance coverage to lapse. However, although he inquired with Defendant, Plaintiff never received his cash value balance from Defendant, estimated at $20,000.

In June 2017, Plaintiff received a letter from Defendant stating that the "loan and withdrawal calculation method used on your indexed universal life insurance policy was incorrect. As a result, the surrender value at the time of your policy was surrendered or lapsed, as applicable, was incorrect." At about the same time, Plaintiff received a check in the amount of $53.78 designated as "policy suspense."

On July 11, 2017, Plaintiff sent a demand for a complete accounting of the policy in question and for other information. The company has failed and refused to provide such information.

On information and belief, Plaintiff contends that Defendant has violated the terms of the life insurance policy by retaining the cash value after the policy lapsed or was surrendered. Plaintiff seeks a full accounting and a determination of his damages as well as reasonable and necessary attorney's fees in pursuing this matter.

    d.    The amount and any method of calculating economic damages;

**RESPONSE:**

Will supplement.

    e.    The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

**RESPONSE:**

Joseph Richardson
c/o Darby Riley
RILEY & RILEY, ATTORNEYS AT LAW
320 Lexington Avenue
San Antonio, Texas 78215-1913
*Plaintiff*

Fidelity & Guaranty Life Insurance Co.
c/o Andrew G. Jubinsky
Charles M. Gearing
FIGARI + DAVENPORT, L.L.P
901 Main Street, Suite 3400
Dallas, Texas 75202
*Defendant*

        Samantha Santmyer
        Janson Dixson agency
        Address unknown
        **Witness**

    f.    For any testifying expert:
        (1)    The expert's name, address and telephone number;
        (2)    The subject matter on which the expert will testify;
        (3)    The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;
        (4)    If the expert is retained by, employed by, or otherwise subject to the control of the responding party:
            (A)    All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
            (B)    The expert's current resume and bibliography;

**RESPONSE:**

**Darby Riley**
**320 Lexington Ave.**
**San Antonio, TX 78215**
**(210) 225-7236**
**(210) 227-7907 Fax**

Mr. Riley will testify as to the reasonableness and necessity of attorney's fees incurred. It is Mr. Riley's opinion that the attorney's fees incurred on behalf of Defendant are reasonable and necessary.

Mr. Riley is of the further mental impression and opinion that a reasonable fee for his services is $300.00 per hour and a reasonable fee for the services of Mr. Charles Riley is $200.00 per hour, and that these hourly rates are in keeping with hourly rates charged by attorneys with similar knowledge or experience in this locale. He will further testify that the amount of time that he and Mr. Charles Riley have spent working on this case is necessary. He will further testify that, in the event an appeal is filed with the Fourth Court of Appeals, an additional $20,000.00 will be a reasonable and necessary fee for appeal, that if a petition for review is filed with the Texas Supreme Court $10,000 will be a reasonable and necessary fee for responding to the petition and if the petition for review is granted by the Texas Supreme Court an additional $10,000.00 will be a reasonable and necessary fee. Mr. Riley's mental impressions and opinions will be based upon all the documents in this file, his education and training, the factors set forth in Rule 1.04 of the Texas Rules of Professional Conduct and his review of the file and knowledge of the legal work performed. Mr. Riley estimates attorney's fees through trial on this contingent fee case would be approximately $50,000 based on the above hourly rate, subject to a

multiplier, including written discovery, court hearings, legal research, client consultations, depositions, etc.

Resume of Darby Riley attached.

    g.    Any discoverable indemnity and insuring agreements;

        **RESPONSE:**

        None.

    h.    Any discoverable settlement agreements;

        **RESPONSE:**

        None.

    i.    Any discoverable witness statements;

        **RESPONSE:**

        None.

    j.    In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted;

        **RESPONSE:**

        Not applicable.

    k.    In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party;

        **RESPONSE:**

        Not applicable.

    l.    The name, address, and telephone number of any person who may be designated as a responsible third party; and

        **RESPONSE:**

        None known to Plaintiff.